**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO.** 5:13-CR-00060-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| JOSEPH KLAKULAK, | ) ) ) |
| Defendant. | ) ) ) |

**BEFORE THE COURT** is are two motions filed by Defendant Joseph Klakulak regarding restitution (Doc. 33) and the Second Chance Act (Doc. 36).

I.   RESTITUTION

Defendant Joseph Klakulak's "Motion for order regarding repayment of restitution obligation." (Doc. 33). The gravamen of Klakulak's filing indicates that he requests this Court to order the Bureau of Prisons to suspend restitution payments. *Id.* at 1. The United States argues, in part, the motion is procedurally improper because Defendant has failed to show that he has exhausted administrative remedies before seeking review in district court. *Id.*

"The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order." *United States v. Sherrill*, No. 3:04CR220, 2008 WL 3842908, at *1 (W.D.N.C. Aug. 14, 2008) (citing *United States v. Hudson*, 221 Fed. App'x 255, 256 (4th Cir. 2007)). "Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." (Doc. 171) (quoting *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989)). Defendant

1

is incarcerated in Manchester, Kentucky. Accordingly, this petition is filed in the wrong district. Therefore, the petition is hereby **DENIED.**

Moreover, the Court would deny the motion if it were properly filed. Defendant failed to show, when challenged, that he properly exhausted his administrative remedies before seeking review in this court. *Sherill*, No. 3:04CR220, 2008 WL 3842908, at *1.

II. SECOND CHANCE ACT

The Bureau of Prisons (BOP) may place a prisoner in pre-release custody under conditions, including home confinement, for the last portion of his sentence to prepare him for re-entry into the community. 18 U.S.C. § 3624(c). The Second Chance Act of 2007, among other things, expanded the allowable time period for pre-release custody from six to twelve months, but limits the time in home confinement to six months. Pub. L. No. 110 199, § 251, 122 Stat. 657, 692-93 (2008). The Act clearly states that it does not alter the BOP's authority to designate the place of the prisoner's imprisonment under 18 U.S.C. § 3621, and prohibits a court from ordering that a sentence be served in a community confinement facility. Id.

The defendant recognizes the Court's inability to order pre-release custody to a residential re-entry center, but asks the Court to recommend such placement. Although the Court appreciates the defendant's efforts to improve himself during confinement (Doc. 36, at ¶ 7), the Court declines to recommend his early release because the BOP is in a better position to make the necessary assessment.

**IT IS, THEREFORE, ORDERED** that the defendant's motions (Doc. 33, 36) are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the United States Probation Office.

Signed: July 28, 2016

Richard L. Voorhees
United States District Judge